ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2011 AUG 19 PM 12: 51
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| LORENZO ADDERLY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 311-038 |
| | ) | |
| WALT WELLS, Warden, | ) | |
| | ) | |
| Defendant. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

*Pro se* Plaintiff Lorenzo Adderly, an inmate at McRae Correctional Facility in McRae, Georgia, commenced the above-captioned case by filing a document styled as a petition for a writ of habeas corpus under 28 U.S.C. § 2241 and paying a $5.00 filing fee.[1] However, upon review of Plaintiff's initial filing, the Court determined that the allegations therein primarily concerned the library facilities at MCF; because of the alleged inadequacy of these facilities, Plaintiff asserted a violation of his constitutional right to access to the courts. (See doc. nos. 1, 8.) The Court therefore construed Plaintiff's initial filing as a complaint asserting a civil rights claim arising under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971). (Doc. no. 8.) Additionally, the Court instructed

---

[1] Plaintiff initially filed this case in the Middle District of Georgia. The case was transferred to this District because of the location of his place of confinement and the residency of the sole Defendant named in his initial filing. (Doc. no. 4.)

Plaintiff that he had to pay the $350.00 filing fee for a civil rights case or move to proceed *in forma pauperis* ("IFP"). Plaintiff filed a motion to proceed IFP, and on May 24, 2011, the Court directed Plaintiff to return his Prisoner Trust Fund Account Statement and Consent to Collection of Fees form within thirty (30) days and advised Plaintiff that all prisoners, even those proceeding IFP, must pay the filing fee of $350.00 in full. See 28 U.S.C. § 1915(b)(1). Plaintiff was cautioned that failure to respond would be an election to have this case dismissed without prejudice. (Doc. no. 10.)

Instead of complying with the instructions set forth in the Court's May 24th Order, Plaintiff filed a "Motion in Opposition to the Court's Recharacterization of Plaintiff's § 2241," in which he contested the Court's construction of his initial filing as a complaint attempting to assert a civil rights claim under Bivens, *supra*. (Doc. no. 11.) In an Order issued August 2, 2011, the Court rejected this argument; also, the Court granted Plaintiff an additional 14 days in which to return the necessary IFP papers in accordance with the Court's May 24th Order. (Doc. no. 12.) Once again, Plaintiff was warned that his failure to comply in a timely fashion with the Court's Order would result in a recommendation that his case be dismissed. (Id.) The time to respond has passed, and Plaintiff has not submitted the documents required by the Court's May 24th Order, nor has he provided the Court with any explanation why he has not complied.

Plaintiff cannot proceed IFP unless he submits the requisite Trust Fund Account Statement and consents to the collection of the entire $350.00 filing fee in installments. Wilson v. Sargent, 313 F.3d 1315, 1319, 1321 (11th Cir. 2002) (*per curiam*) (citing 28 U.S.C. § 1915). Plaintiff has been warned repeatedly that failing to return the necessary IFP

2

papers would be an election to have his case voluntarily dismissed. As Plaintiff has neither fulfilled the requirements for proceeding IFP, nor paid the filing fee, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED**, without prejudice.

SO REPORTED and RECOMMENDED this 19th day of August, 2011, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE